IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRANDON NILES | § | |
| | § | |
| v. | § | A-19-CV-716-RP |
| | § | |
| JAMES MWANGI | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint and Motion to Remand (Dkt. No. 6); Defendant's Response in Opposition (Dkt. No. 8); Plaintiff's Amended Motion to Remand and Second Motion to Amend Complaint (Dkt. No. 9); and Defendant's Response (Dkt. No. 10). The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

## I.  GENERAL BACKGROUND

This litigation arises out of a multi-vehicle accident. Plaintiff Brandon Niles alleges that he was driving on IH-35 in Austin, Texas on November 14, 2017, when his vehicle was struck from behind. According to Niles' Original Petition, Niles' vehicle and the van immediately behind Niles were both stopped when a third vehicle struck the van from behind, forcing the van forward and causing it to collide with Niles. Niles alleges he sustained injuries to the head and spine in the accident. As a result, Niles sued the driver of the third vehicle, James Mwangi, in Travis County District Court, alleging negligence claims. Mwangi removed the case to federal court based on diversity of citizenship. Dkt. No. 1.

After removal, Niles filed a motion seeking to leave to amend his complaint to join as a defendant Wayland Thompson, the driver of the van involved in the accident. Dkt. No. 6. Because adding Thompson would destroy diversity, Niles' also asks the Court to remand the case to state court. *Id.* In a second motion, Niles moved to also join Mwangi's and Thompson's employers, King James Deliveries, LLC, and J&S Air, Inc., under theories of respondeat superior. Dkt. No. 9. Mwangi opposes both motions, arguing that Niles' requests to join non-diverse parties after removal are improper and merely an attempt to defeat diversity jurisdiction. *See* Dkt. Nos. 8, 10. Mwangi asserts the motions should be denied and the case should remain in federal court.

## II. ANALYSIS

Title 28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." On a motion to remand, the court must consider whether removal was proper. In order for removal to be proper, a district court must have original jurisdiction over the removed action. *See Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). Federal district courts have original jurisdiction over civil actions if the parties have diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, there is no dispute regarding the amount in controversy, which is alleged to be in excess of $75,000. Dkt. No. 1 at ¶ 1. There is also no dispute regarding the citizenship of the original parties and the parties Niles seeks to add. For the purposes of the diversity analysis, Niles is a citizen of Texas (Dkt. No. 1 at ¶ 3), Mwangi is a citizen of Nevada (Dkt. No. 1 at ¶ 3), King James Deliveries is a citizen of Washington (Dkt. No. 9-1 at ¶ 5), and Thompson and J & S Air, Inc. are citizens of Texas (Dkt. No. 9 at ¶¶ 11, 12). Thus, as a preliminary matter, Mwangi's removal was proper.

However, a court's subject matter jurisdiction may be defeated by the addition of a non-diverse defendant. *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001). Because joinder of a non-diverse defendant defeats a court's jurisdiction, the court has discretion to permit or deny such a joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *Schindler v. Charles Schwab & Co.*, 2005 WL 1155862, at *2 (E.D. La. May 12, 2005) (finding a plaintiff must seek leave to amend if joining a non-diverse party even if the plaintiff has not yet used its one free amendment and is seeking to amend within the time allowed by FRCP 15(a)(1)).

The Fifth Circuit has instructed district courts to exercise discretion when considering a proposed amendment which adds a non-diverse defendant and deprives the court of jurisdiction. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The court should scrutinize the proposed amendment more closely than it would consider an ordinary amendment under Federal Rule of Civil Procedure 15(a)(2), which requires a court to "freely give leave to amend when justice so requires." *Id.*; FED. R. CIV. P. 15(a)(2). Under *Hensgens*, some of the factors a court should consider are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factor bearing on the equities. *Hensgens*, 833 F.2d at 1182. If the court permits amendment, then it must remand to state court. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013).

Here, Niles seeks to amend his petition post-removal to join three additional defendants, two of which are citizens of Texas. King James Deliveries is a citizen of Washington and thus would

not affect diversity, so its joinder is not subject to the *Hensgens* analysis. However, Thompson and J&S Air are Texas citizens, and their joinder would defeat the Court's diversity jurisdiction and necessitate remand. Whether Niles should be permitted to make this amendment must therefore be analyzed under the *Hensgens* factors.

In considering the first *Hensgens* factor, courts consider whether the plaintiff knew or should have known the identity of the non-diverse defendant when he filed his original state court petition. *See Rouf v. Cricket Communications, Inc.*, 2013 WL 6079255, at *2 (S.D. Tex. Nov. 19, 2013) (denying a motion to amend after finding that plaintiffs knew about the proposed non-diverse defendants when suit was filed). Further, if the plaintiff moves to amend his petition to add a non-diverse defendant after the notice of removal has been filed, some courts have considered this evidence tending to show a purpose to destroy diversity jurisdiction. *Gallegos v. Safeco Ins. Co. of Ind.*, 2009 WL 4730570, *4 (S.D. Tex. Dec. 7, 2009) (filing a motion for leave to amend and for remand less than a month after removal evidenced the amendment's principal purpose was defeating jurisdiction); *see also Karr v. Brice Bldg. Co., Inc.*, 2009 WL 1458043, *4 (E.D. La. 2009). The first *Hensgens* factor has been described as the "most important" factor of the four. *Flores v. Arch Ins. Co.*, 2015 WL 4430866, at *2 (W.D. Tex. July 17, 2015) (citing *Adey/Vandling*, 2012 WL 534838, at *4). Here, the first factor weighs heavily against amendment—the evidence shows Niles clearly knew of Thompson's identity when he filed the original state court petition. Despite Niles' knowledge of Thompson's identity and involvement in the accident, Niles chose not to join Thompson as a party and did not even name a John Doe defendant. Further, the claims that Niles now attempts to assert against Thompson were available at the time of the state court petition—nothing in the proposed amendment provides any new facts or legal bases unavailable to

4

Niles at the time of his state court petition. Niles' motion to amend also comes shortly after the removal. Niles moved to join Thompson just three weeks after Mwangi removed the case, suggesting the primary purpose of the joinder was to defeat jurisdiction. Accordingly, the first factor weighs against allowing Niles to amend to join Thompson as a non-diverse defendant.

For the second factor, courts consider the "procedural posture of the case, particularly whether trial or pre-trial dates were scheduled, or any significant activity beyond the pleading stage has occurred." *Murphy v. Sterline Jewelers Inc.*, 2018 WL 7297905, at *7 (W.D. Tex. Feb. 13, 2018) (quoting *Anzures v. Prologis Texas, LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012)). Courts will also consider how much time has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal. *Murphy*, 2018 WL 7297905, at *7. Generally, a plaintiff is not dilatory where no significant activity beyond the pleading stage has occurred. *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709 (W.D. Tex. 2014). However, "the analysis is different when the proposed amendment is to add a non-diverse defendant shortly after removal based on federal diversity jurisdiction." *Gallegos*, 2009 WL 4730570, *4 (citing *Irigoyen v. State Farm Lloyds*, 2004 WL 398553 (S.D. Tex. Aug. 1, 2016). "A delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory," particularly when, at the time of filing, a plaintiff knew of the potential defendant's role in the case. *Irigoyen*, 2004 WL 398553, at *4. Niles' motion to add Thompson was filed three weeks after Mwangi removed the case to federal court, and that removal took place roughly one month after the suit was first filed. *See* Dkt. Nos. 1, 6. When, as here, a plaintiff's true motive in seeking to add a defendant is to defeat jurisdiction, the speed with which the amendment is requested is not the focus. *See Adey/Vandling, Ltd. V. Am. First Ins. Co.*, 2012 WL 534838, at *4 (W.D. Tex.

5

Feb. 17, 2012). Instead, the timing of the amendment being made shortly after removal suggests that Niles was dilatory in not joining Thompson in the first instance. Though this factor is not strong, it still supports denying Niles leave to amend.

The third *Hensgens* factor considers whether a plaintiff will be significantly injured if amendment is not allowed. For this factor, courts ask "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Loewe v. Singh*, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010). Courts addressing this issue often consider whether the named defendant would be unable to satisfy a future judgment. *Gallegos*, 2009 WL 4730570, at *5; *O'Connor v. Auto. Ins. Co. of Hartford Conn.*, 846 F.Supp. 39, 41 (E.D. Tex. 1994). Conversely, courts also look to plaintiff's likely recovery from the proposed non-diverse defendant. *Gallegos*, 2009 WL 4730570, at *5; *Irigoyen*, 2004 WL 398553, at *5. Also relevant is "whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden." *Adey/Vandling, Ltd.*, 2012 WL 534838, at *4. Denying Niles leave to add Thompson and J&S Air could force Niles to file a separate suit against them, something that would qualify as harm to Niles. On the other hand, Niles has failed to identify any persuasive theory that would support a claim against Thompson and J&S Air, given that he himself indicated that the van Thompson was driving collided with Niles' vehicle only because Mwangi ran into the back of the van. Moreover, the claims against Thompson and J&S Air may be time barred. Thus, it does not appear likely that Niles will recover from Thompson or J&S Air, lessening the impact of denying the amendment. This factor also supports denying leave to amend.

Finally, the Court considers any other factors bearing on the equities. One of the factor noted by the parties is Mwangi's interest in maintaining a federal forum. Dkt. No. 10. Courts often consider this interest, although this fact is "likely to be present in every case that seeks to add a non-diverse defendant." *City of Kerrville, Texas v. C&C Groundwater Serv. LLC*, 2012 WL 12864944, at *3 (W.D. Tex. July 20, 2012). Mwangi further identifies the fact that Niles already waited over eighteen months after the accident to file his original suit, and thus allowed the statute of limitations to run on his potential claims against Thompson and J&S Air, Inc. Dkt. No. 10 at ¶ 18. Mwangi argues another equitable factor weighing against amendment is that allowing the joinder will cause the proposed defendants to incur unnecessary costs and expenses defending claims that are unlikely to succeed. *Id.* at ¶ 19. Niles does not identify any additional equitable factors which have not already been addressed by the court. Thus, the *Hensgens* factors suggest that the Court should exercise its discretion in this instance by denying Niles' request to amend and add Thompson and J&S Air.

With respect to joining King James Deliveries, as discussed above, King James Deliveries is a citizen of Washington and thus a diverse defendant not subject to the higher scrutiny of the *Hensgens* factors. *See* Dkt. No. 9-1 at ¶ 5. Accordingly, the addition of King James Deliveries is subject to an ordinary analysis under Federal Rule of Civil Procedure 15(a)(2), which requires a court to "freely give leave to amend when justice so requires." FED. R. CIV. P. 15(a)(2). Mwangi does not appear to oppose the joinder. *See* Dkt. No. 10. Thus, the Court recommends Niles be granted leave to join King James Deliveries as a defendant. Finally, because complete diversity of citizenship exists even with the addition of King James, Niles' motion to remand is without merit, and should be denied.

## III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Judge **DENY** Niles' First Motion to Amend and to Remand (Dkt. No. 6), and **GRANT IN PART AND DENY IN PART** Niles' Second Motion to Amend (Dkt. No. 9). Specifically, the undersigned recommends the Court **GRANT** Niles leave to file an amended complaint joining King James Deliveries, but **DENY** Niles' request to amend to add Wayland Thompson and J&S Deliveries, Inc. The undersigned **FURTHER RECOMMENDS** the Court **DENY** Niles' Second Motion to Remand (Dkt. No. 9). Because the proposed complaint attached to the Second Motion to Amend Complaint includes as defendants both Thompson and J&S Air, in the event this recommendation is adopted, the District Judge will need to order Niles to submit an amended complaint that is consistent with this recommendation.

The Clerk is directed to remove this case from the Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C.

§ 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 27th day of January, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE